```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-10002-CIV-MARTINEZ
                              MAGISTRATE JUDGE P.A. WHITE
```

REGINALD CAREY,                    :

    Plaintiff,               :

v.                                 :            REPORT
                                                     OF MAGISTRATE JUDGE
ROBERT PERYAM, et al.,             :           (DE# 18)

    Defendants.              :
_____

## I. Introduction

The plaintiff, Reginald Carey filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court upon a Motion to Dismiss the plaintiff's complaint filed by Defendants Peryam, Taylor, Age and Allen. (DE#18).

## II. Discussion

The defendants correctly argue that the plaintiff has failed to state a claim. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic

Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

   The plaintiff was placed in an Alpha Unit at the Monroe County Detention Center because he had attempted suicide. He states that his clothing was taken from him. He is denied recreation by the officers, who were following medical orders. He states that the unit does not have exercise equipment, or cards and board games, which are offered to other units. He states his windows are covered, and he has only the four walls to look at, and his cell is ice cold. He is not allowed pictures of women in bathing suits or under garments.

   The plaintiff is essentially alleging unconstitutional conditions of confinement. He names defendants Sheriff Peryam, Allen, Director of Programs, Tommy Taylor, Warden, Doctor Safron, "the Doctor for mental health", and Lee Mcgaurd, the Medical

Director, and Timothy Age, otherwise unidentified. He seeks injunctive relief and compensatory and punitive damages,

The Defendants Peryam, Taylor, Age and Allen argue that the plaintiff has failed to demonstrate a causal connection between any acts by the defendants and the deprivation of a constitutional right. They further argue that Defendant Age is not mentioned in the body of the complaint.

Conditions of confinement

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement" .[1] Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003). The plaintiff must demonstrate that he was exposed to extreme deprivation. Rhodes v Chapman, 452 U.S. 337, 347 (1981).

The plaintiff has not raised any allegations that he has suffered any individual violation of his constitutional rights. The confiscation of the plaintiff's clothing, and the denial of recreation, and other deprivations are a result of his being placed on a suicide watch. The defendants are responsible for the

---

[1] Because the plaintiff is apparently a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

3

plaintiff's safety, and must weigh this responsibility against his desire to exercise.

Further, the plaintiff has no constitutionally guaranteed right to many of the deprivations alleged, i.e. there is no constitutional right to possess pictures of women in bathing suits and under garments.  The plaintiff's allegation that his cell was cold can only rise to a level of a constitutional violation when the plaintiff can demonstrate substantial harm. Dixon v Godinez, 114 F.3d 640 (7th Cir. 1997). The plaintiff alleges no substantial harm in this case. The plaintiff's allegation that his cell is cold does not rise to the level of deprivation required by Rhodes, supra. The plaintiff also fails to allege he complained to specific officers about the temperature in his cell, or provide further information related to this issue. Williams v Grant, 2009 WL 337262 (SD Ga 2009) (general allegations of a cold bare cell not enough) citing to Ashcrof v Iqbal, 129 S.Ct. 1937 (2009).

Moreover, under 42 U.S.C. §1997e(e), in order to assert a claim for which relief could be granted for a claim of an unconstitutional condition of confinement, there must be an allegation of a specific physical injury, i.e., an injury which is an "observable or diagnosable medical condition requiring treatment by a medical care professional." Luong v. Hatt, 979 F.Supp. 481, 485-6 (N.D. Texas 1997). Moreover, there can be no recovery for mental or emotional injury suffered while in custody without such a physical injury, which rises above the de minimis level. Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997). The plaintiff has alleged no physical injuries.

4

### III. Conclusion

It is therefore recommended that Defendants' Peryam, Taylor, Age and Allens motion to dismiss (DE#18) be granted, and it is recommended that they be dismissed from this case.[2]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Reginald Carey, Pro Se
    Monroe County Detention Center
    Key West, FL
    Address of record

    Adriana Jisa, Esq.
    Purdy, Jolly et al
    Ft Lauderdale, FL
    Attorney of record
    Address of record

---

[2] No motion to dismiss has been filed by Dr. Safron or Lee Mcgaurd.